**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DERRICK LAJUAN OLIVER,

        Petitioner,

                              CIVIL NO. 2:12-CV-11027
v.                                   HONORABLE SEAN F. COX
                                   UNITED STATES DISTRICT COURT

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION
TO EXTEND TIME TO FILE AN APPEAL**

On April 22, 2013, this Court denied Petitioner Derrick Lajuan Oliver ("Oliver")'s habeas application brought pursuant to 28 U.S.C. § 2254 and denied him a certificate of appealability and leave to appeal *in forma pauperis*.

On March 3, 2015, Oliver filed a motion for the Court to issue a new opinion and order denying the habeas petition, essentially asking for an extension of time to file his appeal. Oliver claims that he never received a copy of this Court's Opinion and Order denying the petition for writ of habeas corpus and would have appealed the order had he received notice of the order. A review of Oliver's motion and the docket in this case reflects that is a *credible claim*.[1]

Nevertheless, for the reasons that follow, this Court must DENY Oliver's motion to extend the time for filing an appeal because it lacks the authority to grant the relief Oliver requests.

---

[1] It appears that the Clerk's Office, in creating the docket for this case, listed an incorrect address for Oliver on the docket (ie., it did not use the address that Oliver provided in his Petition). This Court's April 22, 2013 Opinion & Order, and it Judgment issued the same day, were mailed to Oliver at the incorrect address that appeared on the docket.

1

Oliver asks this Court to reopen the time for him to file an appeal because he did not receive timely notice of the Court's decision from April 22, 2013 denying habeas relief.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998). Because more than thirty days have elapsed from when this Court denied Oliver's habeas application, the Sixth Circuit would not have appellate jurisdiction in this matter, unless Oliver is granted an extension of time.

A party asserting that he or she failed to receive prompt notice of an order that he or she wishes to appeal may seek relief for filing an appeal under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). *Zak v. United States*, 133 F. 3d 451, 453 (6th Cir. 1998).

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

This Court issued its judgment on April 22, 2013. Oliver had until May 22, 2013 to file a notice of appeal. Oliver therefore had until June 22, 2013 to file for an extension of time to file an appeal pursuant to Rule 4(a) (5). Oliver's motion for the court to reissue its opinion was filed March 3, 2015. Because Oliver's motion was filed more than 30 days after the expiration of the appeal, Oliver is unable to obtain an extension of the time to file an appeal pursuant to Rule 4(a)(5). *Bailey v. St. Ambrose Academy*, 38 F. 3d 1215(Table); No. 1994 WL 589680, at *1 (6th Cir. Oct. 21, 1994).

Fed. R. App. P. 4(a)(6), however, indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell,* 432 F. 3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub,* 27 F. App'x 337, 338 (6th Cir. 2001).

Oliver is not entitled to invoke the provisions of Fed.R.App. P. 4(a)(6) to extend the time to file a notice of appeal. Oliver filed his motion to extend the time to file an appeal more than 180 days after this Court entered the order denying habeas relief. Although 4(a)(6) provides that the time for filing an appeal can be reopened when a litigant does not receive notice of a judgment, "it establishes 180 days after the judgment or order is entered as the outer limit by which a motion to reopen must be filed." *Maples v. Thomas,* 132 S.Ct. 912, 933(2012)(Scalia, J., dissenting) (citing Fed. Rule App. Proc. 4(a)(6)(B)); *see also* the Advisory Committee Notes to Rule 4(a)(6); *Bowles,* 432 F. 3d at 673 (the 180-day limitation in Fed.App. R. P. (4)(a)(6) is "specific and unequivocal.").

The rule is an attempt to balance the inequity of foreclosing appeals by parties who do not

3

receive actual notice of a dispositive order against the need to protect the finality of judgments. *Tanner v. Yukins*, 776 F.3d 434, 440 (6th Cir. 2015). The Sixth Circuit has recognized that although the application of Rule 4(a)(6) "may work misfortune" in some cases, its "essence" is "finality of judgments." *Id.* (quoting *Bowles*, 432 F.3d at 673).

Even if Oliver filed his motion to reopen the case within seven days of receiving notice of the judgment, his motion is untimely because Oliver did not file his motion within 180 days of the judgment, the earlier of the limits provided by Fed.R.App. P. 4(a)(6). *Leonard v. Holmes*, 335 F. App'x 896, 898 (11th Cir. 2009); *see also Hudson v. Dipaolo,* 179 F. App'x 705, 705-06 (1st Cir. 2006); *Moss v. Secretary for Dept. of Corrections,* 177 F. App'x 911, 913 (11th Cir. 2006). Because Oliver filed his motion more than 180 days after the denial of his habeas corpus petition, this Court lacks the authority to extend the time for filing an appeal. *See Hall v. Scutt*, 482 F. App'x 990, 991 (6th Cir. 2012). Finally, the 180 day time limit contained within 4(a)(6) may not be waived for equitable reasons. *Bowles,* 432 F. 3d at 673.

As such, although application of the rule works a misfortune in this case, this Court nevertheless lacks the authority to grant the relief that Oliver requests.

## ORDER

Based upon the foregoing, Oliver's motion for an extension of time to file an appeal [Dkt. # 14] is DENIED.

Dated: April 7, 2015                               S/ Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LAJUAN OLIVER,

        Petitioner,

                                      CIVIL NO. 2:12-CV-11027
v.                                       HONORABLE SEAN F. COX
                                       UNITED STATES DISTRICT COURT

KENNETH ROMANOWSKI,

        Respondent.
_____/

PROOF OF SERVICE

      I hereby certify that on April 7, 2015, the foregoing document was served on counsel of record via electronic means and upon Derrick Oliver via First Class mail at the address below:

Derrick Oliver #733139
Medium Security
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048

                                                          S/ J. McCoy
                                                          Case Manager