UNITED STATES DISTRICT COURT56
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LAJUAN OLIVER,

        Petitioner,

                                        CIVIL NO. 2:12-CV-11027
v.                                          HONORABLE SEAN F. COX
                                          UNITED STATES DISTRICT COURT

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION, GRANTING AN EXTENSION OF TIME TO FILE THE APPEAL, AND REISSUING OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND JUDGMENT NUNC PRO TUNC FROM THE DATE OF THIS ORDER**

Before the Court is Petitioner's Motion for Reconsideration of the Court's order denying his request for an extension of time to appeal. For the reasons that follow, the motion is GRANTED. Petitioner is GRANTED an extension of time to file a notice of appeal.

On April 22, 2013, this Court denied Petitioner's habeas application brought pursuant to 28 U.S.C. § 2254 and denied him a certificate of appealability and leave to appeal *in forma pauperis*.

On March 3, 2015, Petitioner filed a motion for the Court to issue a new opinion and order denying the habeas petition, in which he claimed that he never received a copy of the Court's opinion and order denying the petition for writ of habeas corpus and would have appealed the order had he received notice of the order.

On April 7, 2015, this Court denied Petitioner's motion for an extension of time to file an appeal. Although the Court believed that Petitioner had made a credible claim that he had not received a copy of the Court's opinion, due to the fact that the docket reflected that the clerk's office

1

had listed an incorrect address for Petitioner on the docket and had sent the opinion to that address, the Court nonetheless ruled that it could not grant Petitioner an extension of time to file an appeal. In so ruling, the Court believed that Fed. R. App. P. 4(a)(6) was the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal had expired, but that Petitioner could not invoke the provisions of Fed.R.App. P. 4(a)(6) to extend the time to file a notice of appeal, because he filed his motion to extend more than 180 days after this Court entered the order denying habeas relief, the outer limit under 4(a)(6) in which a motion to reopen the appeal must be filed.

In his motion for reconsideration, Petitioner asks this Court to equitably toll the time limit for filing a notice of appeal based on the mistake the Clerk's Office made in listing the incorrect address to send Petitioner his legal mail. For the reasons that follow, the Court will grant Petitioner's motion for reconsideration. The Court grants Petitioner an extension of time to file an appeal. The Court will also reissue its opinion and order denying the petition for writ of habeas corpus and judgment *nunc pro tunc* from the date of this order.

In denying Petitioner's motion to extend time to appeal, this Court believed that Fed.R.App. P. 4(a)(6) was the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. In reviewing the applicable caselaw, it is apparent that a federal district court has jurisdiction to entertain a Rule 60(b) motion for relief from judgment when a notice of appeal is untimely filed. *Tanner v. Yukins*, 776 F.3d 434, 439 (6th Cir. 2015); *Lewis v. Alexander*, 987 F. 2d 392, 395 (6th Cir. 1993). This Court is willing to construe Petitioner's motion for reconsideration as a Rule 60(b) motion. "Even if Rule 4(a)(6) represents a mandatory and jurisdictional balancing of the interests of fairness and finality in cases in which there

2

has been a notice problem, nothing in the drafting history of Rule 4 suggests that the drafters intended Rule 4(a)(6) to be the sole means of accommodating all equitable considerations that arise due to the Appellate Rules' strict filing deadlines." *Tanner v. Yukins*, 776 F.3d at 440-41.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

*Lewis,* 987 F. 2d at 395.

This Court believes that Petitioner made a credible claim that he did not timely receive a copy of the opinion and order denying habeas relief. The Court also believes that the evidence from the docket establishes that this was because the Clerk's Office listed the wrong address for Petitioner on the docket and sent the opinion to the incorrect address.

This Court believes that Petitioner is entitled to relief from judgment pursuant to Fed. R. 60(b)(6) and should be granted an extension of time to file an appeal. This Court is aware that "[T]he residual clause of Rule 60(b)(6) should form the basis for relief from judgment 'only in exceptional or extraordinary circumstances which are not addressed by the first five clauses of the Rule.'"*Lewis,* 987 F. 2d at 395-96 (quoting *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) contemplates "unusual and extreme situations where principles of equity mandate relief." *Tanner*, 776 F.3d at 443 (quoting *Olle*, 910 F. 2d at 365). The Court, believes,

however, that the failure of Petitioner to receive timely notice of the opinion and order denying relief was due to the Clerk's Office mistake in listing the wrong address for Petitioner and sending the opinion to the wrong address.

This Court finds that Petitioner has met the requirements of Rule 60(b) and that the interests of justice dictate that this Court grant Petitioner relief from the judgment entered by this Court on April 22, 2013.  For the foregoing reasons, this Court vacates the judgment entered on April 22, 2013 and reinstates the memorandum opinion and judgment entry entered on that date *nunc pro tunc* as of the date of this order. *See Williams v. Arn*, 654 F. Supp. 241, 248 (N.D. Ohio 1987).

**IT IS HEREBY ORDERED** that the motion for reconsideration [Dkt. # 16] is granted. Petitioner is granted an extension of time to file an appeal**.**  The Court's judgment of April 22, 2013 is vacated and the opinion and order denying the petition for writ of habeas corpus and judgment entered on that date is reinstated *nunc pro tunc* as of the date of this order.

SO ORDERED.

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  October 8, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 8, 2015, by electronic and/or ordinary mail.

        s/Jennifer Hernandez McCoy
        Case Manager